IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CALVIN D. STANLEY                                                                                               PLAINTIFF

V.                                      CIVIL NO. 1:12-cv-01119

SHERIFF MIKE MCGOUGH;
ADMINISTRATOR GREER; and
JUDGE GEORGE VANHOOK                                                                                   DEFENDANTS


**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Calvin Stanley filed this case *pro se* pursuant to 42 U.S.C. § 1983 on December 12, 2012. ECF No. 1. Now before the Court is Plaintiff's failure to comply with the Court's orders and prosecute this case.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. After careful consideration, the undersigned makes the following Report and Recommendation.

**I.    BACKGROUND**

At the time he filed his Complaint, Plaintiff was an inmate of the Union County Detention Center ("UCDC") in El Dorado, Arkansas. It appears Plaintiff is no longer incarcerated.

In Plaintiff's Complaint, he alleges (1) the Honorable Vanhook failed to enter an indictment or information within sixty (60) days of his arrest; and (2) he argues he should be released from the UCDC. ECF No. 1, pp. 8-9.

On December 12, 2012, the Court issued an Order directing Plaintiff to file a completed

*in forma pauperis* ("IFP") application by January 4, 2013.  ECF No. 3.  Plaintiff failed to do so.

On January 9, 2013, the Court issued an Order to Show Cause.  ECF No. 5.  In this Order, the Court directed Plaintiff to show cause why he failed to comply with the Court's December 12, 2012 Order by January 10, 2013.  The Court also advised Plaintiff failure to comply with the Order to Show Cause would result in the dismissal of this case.  ECF No. 5.  This Order was sent to Plaintiff's address of record at the UCDC and never returned as undeliverable.  When Plaintiff did not respond to the Order to Show Cause, the Court, upon its own research, determined Plaintiff was released from the UCDC.  The Court then located the home address Plaintiff provided the UCDC when he was booked and changed his address of record to such.  ECF No. 6.  The Court directed the Clerk to resend Plaintiff an IFP application and extended his deadline to respond to March 29, 2013.   ECF No. 6.  The Court did not receive this Order returned as undeliverable, and Plaintiff has not filed his completed IFP application.  Further, Plaintiff has not communicated with the Court since filing his Complaint in December 2012.

## II.     APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal

2

of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court posses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

### III. DISCUSSION

Plaintiff has failed to comply with three Court orders. First he failed to complete and return the IFP application as directed by the Court on December 12, 2012. ECF No. 3. Then he failed to respond to the Order to Show Cause when it was first issued on January 9, 2013. ECF No. 5. Finally, he failed to respond to the Order to Show Cause when the Court resent it to his home address and extended his deadline. ECF No. 6. Further, Plaintiff has failed to comply with Local Rule 5.5(c)(2) by keeping the Court informed of his current address. Lastly, Plaintiff has failed to prosecute this case and has not made a filing in this case since sending his Complaint for initial filing.

Because none of the Court's Orders were returned as undeliverable the Court presumes

Plaintiff received all of three and willfully disobeyed them. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) the Court recommends Plaintiff's complaint be dismissed with prejudice. *See Hunt,* 203 F.3d at 527.

Accordingly, Plaintiff's Complaint should be dismissed with prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this action. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

## IV.   CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** with prejudice on the grounds that Plaintiff has failed to comply with the Local Rules and the Court's Orders and failed to prosecute this action.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **8th day of May 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED   STATES   MAGISTRATE   JUDGE
